UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PATRICIA GALLAGHER, individually
and as beneficiary of the Patricia A.
Gallagher Charitable Remainder Trust,

               Plaintiff,

  -against-                                               1:09-CV-00474 (LEK/DRH)

KEYBANK NATIONAL ASSOCIATION,
as trustee of the Patricia A. Gallagher
Charitable Remainder Trust,

               Defendant.

_____

KEYBANK NATIONAL
ASSOCIATION, as trustee of the Patricia
A. Gallagher Charitable Remainder Trust,

               Third-Party Plaintiff,

  -against-

LOUIS J. DEMPH; TOBIN & DEMPH,
LLC; MICHELLE COVELL STRENK;
SCOTT RICHARD COVELL; and
THOMAS COVELL,

               Third-Party Defendants.

_____

**ORDER**

**I.    INTRODUCTION**

      On March 27, 2009, Plaintiff Patricia Gallagher ("Plaintiff Gallagher" or "Gallagher") commenced this action against Defendant and Third-Party Plaintiff Keybank ("Keybank") by filing a Summons and Complaint in the State of New York Supreme Court in Saratoga County. Dkt. No. 1-2.  On April 22, 2009, Keybank removed the action to the United States District Court

in the Northern District of New York pursuant to 28 U.S.C. § 1332(a)(1). Dkt. No. 1. On December 16, 2009, Keybank brought a Third-Party Complaint against Third-Party Defendants Louis J. Demph ("Demph"), Tobin & Demph, LLC ("T&D"), Michelle Covell Strenk ("Strenk"), Scott Richard Covell ("Scott Covell"), and Thomas Covell. Dkt. No. 16 ("Third-Party Complaint"). Keybank alleged causes of action of negligence and indemnification against Third-Party Defendants Demph and T&D, and joined Strenk, Scott Covell, and Thomas Covell as necessary parties without asserting any affirmative claims against them. Id. ¶¶ 1, 12.

Presently before the Court are: (1) a Motion to dismiss the Third-Party Complaint filed by Third-Party Defendants Demph and T&D (Dkt. No. 21) ("Motion to Dismiss"); (2) a Letter motion filed by Third-Party Plaintiff Keybank requesting that the Court deny the opposition's request to deem certain facts as admitted (Dkt. No. 26) ("Letter Motion"); and (3) a Cross-motion for leave to amend its Third-Party Complaint filed by Third-Party Plaintiff Keybank (Dkt. No. 24) ("Motion to Amend"). For the reasons that follow, the Motion to dismiss and the Letter motion are granted, and the Motion to amend is denied.

**II.    BACKGROUND**

Plaintiff Gallagher is a beneficiary of the Patricia A. Gallagher Charitable Remainder Trust ("Trust") (Dkt. No. 16-1), which was executed on June 8, 2001 with Keybank as trustee. Compl. ¶¶ 6-7. Third-Party Defendants Demph and T&D drafted the Trust, which was intended to qualify as a charitable remainder annuity trust ("CRAT") under the United States Tax Code ("Tax Code"). Third-Party Compl. ¶¶ 15-20. The Trust was funded on March 20, 2002 with 4,549.627 shares of Wyeth stock, which had a fair market value of $298,550.87, or $65.025 per share. Compl. ¶ 9. Keybank later determined that the Trust did not in fact qualify as a proper

CRAT under the Tax Code, and advised Gallagher, Demph, and T&D of this problem in either May or June of 2002. Third-Party Compl. ¶ 26; Compl. ¶ 10. Demph and T&D then drafted an amendment to the Trust (Dkt. No. 16-2), which was signed by Gallagher on June 26, 2002, and by Keybank as trustee on July 5, 2002. Compl. ¶ 11; Third-Party Compl. ¶ 29.

The value of the Wyeth stock had dropped to $49.24 per share by the time the Trust was amended on July 5, 2002. Third-Party Compl. ¶ 30. The Wyeth stock closed at $49.24 per share again on July 8, 2002, and dropped further to close at $37.30 per share on July 9, 2002. Id. ¶¶ 31-32. According to Plaintiff, through December of 2002 Keybank only sold the Wyeth stock in amounts necessary to allow for required annuity payments under the Trust. Compl. ¶¶ 12, 16-17. Plaintiff also alleges that Keybank failed to properly diversify the Trust assets pursuant to the Trust agreement, and that the Wyeth stock continued to represent 85% of the Trust assets until July 31, 2003. Id. ¶ 17. By October 31, 2008, the value of the Trust had fallen to $66,058.11. Id. ¶ 18.

Plaintiff's Summons states that the action is for "breach of contract." Dkt. No. 1-2 at 2. Plaintiff's Complaint alleges four causes of action: (1) that "Keybank's failure to pursue an overall investment strategy in administering the trust constitutes a breach of fiduciary and contractual duty to plaintiff"; (2) that Keybank negligently failed to employ the diligence required of a fiduciary that has claimed to have "special investment skills"; (3) that Keybank breached the Trust agreement by failing to conform to the terms of the Trust; and (4) that Keybank failed to properly administer the trust and should therefore return any commissions and expenses received. Compl. ¶¶ 25, 31-34, 38-40, 45. Plaintiff seeks money damages of $216,449.40 due to the diminished value of the Trust assets.

Third-Party Plaintiff Keybank initially brought negligence and indemnity actions against Demph and T&D, claiming that their failure to properly draft the Trust as a qualifying CRAT prevented Keybank from selling the Wyeth stock in a timely manner. Third-Party Compl. ¶ 43. Keybank further demanded "judgment for contribution and/or full and complete indemnification" from Demph and T&D for any damages awarded to Plaintiff Gallagher. Id. ¶¶ 46-47. In its Proposed amended third-party complaint, Keybank deleted both its negligence and indemnity claims against Demph and T&D, substituting a single cause of action for contribution. Dkt. No. 23-5 ("Proposed Amended Complaint").

### III. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept all [factual] allegations in the complaint as true and draw all inferences in the light most favorable to" the non-moving party. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). "Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) (citations omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). Facial plausibility exists "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1249.

Additionally, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

IV.   DISCUSSION

A. Letter Motion

As a threshold matter, the Court considers the Letter motion filed by Keybank. Dkt. No. 26. As part of their Motion to dismiss, Demph and T&D included a Statement of Material Facts ("Statement"). Dkt. No. 21-5. Keybank responded to Third-Party Defendants' Motion, but did not specifically reply to the Statement. See Memorandum of law in opposition to Third-Party Defendants' motion to dismiss (Dkt. No. 23-1). In their Reply and opposing affirmation, Third-Party Defendants asserted that, pursuant to Local Rule 7.1(a)(3), the Court should "deem admitted any facts set forth in the Statement of Material Facts that the opposing party does not controvert." Dkt. No. 24 ("Reply") ¶¶ 4-5.

Local Rule 7.1(a)(3) pertains only to required filings for summary judgment motions. Keybank was not required under the Local Rules to file a response to the Statement in opposing the Motion to dismiss. Accordingly, Keybank's Letter motion is granted, and the Court will not deem Keybank to have admitted any of the facts alleged in the Statement.

B. Motion to Dismiss Third-Party Complaint

*1. Negligence*

Keybank's first cause of action alleges that Third-Party Defendants' negligent failure to draft a qualifying CRAT prevented Keybank from selling the Wyeth stock in a timely manner. Third-Party Compl. ¶¶ 34-44. The Court notes that Keybank's Proposed amended complaint removes this cause of action. See Proposed Amended Compl. A review of the record confirms

that Keybank fails to allege facts sufficient to support a negligence cause of action against Demph and T&D.

Keybank's Complaint states in a conclusory fashion that Demph and T&D owed a duty of care to Keybank. Third-Party Compl. ¶ 39. However, the general rule in New York is that liability for attorney malpractice extends only to parties in privity with the defendant attorney. See, e.g., Est. of Schneider v. Finmann, 15 N.Y.3d 306, 310 (N.Y. 2010) ("strict privity remains a bar" against attorney malpractice claims by beneficiaries and other third parties absent fraud or other circumstances); Viscardi v. Lerner, 125 A.D. 2d 662 (N.Y. App. Div. 1986); Calamari v. Grace, 98 A.D.2d 74 (N.Y. App. Div. 1983). Keybank's Complaint does not allege an attorney-client or contractual relationship with Demph or T&D. See Third-Party Compl. Accordingly, Keybank fails to allege facts sufficient to support a negligence cause of action, and this claim warrants dismissal.

### 2. Indemnification

Keybank's second cause of action seeks indemnification from Demph and T&D. Third-Party Compl. ¶¶ 45-47. The Court notes that Keybank also deleted this cause of action in its Proposed amended complaint, and, again, a review of the record confirms that Keybank fails to allege facts sufficient to support this claim. See Dkt. No. 23-5.

To state a claim for indemnification under New York law, a third-party plaintiff must allege: (1) that both he and the third-party defendant owed a duty to the plaintiff in the original action; and (2) that the third-party defendant owed an express or implied duty to indemnify the third-party plaintiff. Steinberg v. Sherman, No. 07-1001, 2008 WL 2156726, at *6 (S.D.N.Y. May 8, 2008). Keybank has not alleged that any express indemnification agreement existed

between it and the Third-Party Defendants. See Third-Party Compl. Implied indemnification, when it exists, arises out of the relationship between the parties – for example, under *respondeat superior* or another form of vicarious liability. Rosado v. Proctor & Schwartz, Inc., 66 N.Y.2d 21, 26 (N.Y. 1985). Keybank has not alleged facts that would indicate that any duties of implied indemnification exist in this case. See Third-Party Compl. Accordingly, Keybank fails to allege facts sufficient to support a cause of action for indemnification, and this claim warrants dismissal.

### 3. Contribution

Keybank did not specifically bring a cause of action for contribution against Third-Party Defendants, but did request judgment for "contribution and/or full and complete indemnification." Id. ¶ 47. If the facts alleged constitute a cognizable cause of action, a complaint may not be dismissed solely because it was labeled incorrectly. See FED. R. CIV. P. 8(e) ("[p]leadings must be construed so as to do justice"); Minger v. Green, 239 F.3d 793, 799 (6th Cir. 2001). Further, Keybank has sought leave to file an amended third-party complaint that would replead a specific cause of action for contribution. See Proposed Amended Compl. Because leave to amend pleadings is generally granted under Federal Rule of Civil Procedure 15(a)(2) "when justice so requires," the Court will also consider any facts alleged by Keybank in the Proposed amended complaint in determining whether it has sufficiently stated a claim for contribution.

Contribution allows a joint tortfeasor that has "paid more than its equitable share of damages to recover the excess from other tortfeasors." Sommer v. Federal Signal Corp., 79 N.Y.2d 540, 555-56 (N.Y. 1992). In New York, contribution is only available if the claim made

by the plaintiff in the underlying action sounds in tort.  Pan Am Corp. v. Delta Air Lines, Inc., 175 B.R. 438, 516 (Bankr. S.D.N.Y. 1994).  Contribution is not available for "purely economic loss resulting from a breach of contract." Board of Educ. v. Sargent, Webster, Crenshaw, & Folley, 71 N.Y.2d 21, 26 (N.Y. 1987).  Liability arising out of a breach of contract cannot be considered tortious unless a legal duty independent of the contract itself has been violated. Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d 382, 389 (N.Y. 1987).  Such a duty "must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract."  Id.

In this case, Keybank cannot state a valid claim for contribution because Plaintiff Gallagher is seeking damages solely for economic loss arising out of contract.  See Macmillan, Inc. v. Federal Ins. Co., 764 F.Supp. 38, 41 (S.D.N.Y. 1991) (defendant sued pursuant to an insurance contract for breach of contractual and fiduciary duties ineligible for contribution); Scalp & Blade, Inc. v. Advest, Inc., 300 A.D.2d 1068 (N.Y. App. Div. 2002) (trust fund investment advisor sued for professional malpractice, breach of contractual and fiduciary duties, and fraud and misrepresentation held ineligible for contribution).

The thrust of Plaintiff Gallagher's Complaint in the underlying action is that Keybank breached its obligation as trustee to properly manage the Trust assets, leading to diminished value of the Trust assets and economic damages to Plaintiff.  Although Plaintiff's Complaint alleges in Count 1 that Keybank breached a fiduciary duty, and in Count 2 that Keybank failed to exercise proper diligence in managing Trust assets, "these claims arise directly from obligations undertaken" by Keybank in the Trust agreement.  Macmillan, 764 F.Supp. at 41; Pan Am Corp., 175 B.R. at 517.  Similarly, the Plaintiff's allegation that Keybank exhibited "negligence" by

8

failing to manage the Trust with the diligence expected of those with special investment skills does not constitute a claim in tort. See Clark-Fitzpatrick, Inc. v. Long Island R. Co., 70 N.Y.2d 382, 390 (N.Y. 1987) ("[m]erely . . . employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim."). Because Keybank would not be liable in tort to Plaintiff Gallagher, contribution from third parties is not available to Keybank under New York law. Accordingly, Keybank's claim for contribution against Third-Party Defendants is dismissed.

### C. Cross Motion for Leave to Amend

Generally, leave to amend should be freely given. FED. R. CIV. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962); Rusyniak v. Gensini, 629 F. Supp. 2d 203, 212 (N.D.N.Y. 2009). However, where the amendment is futile because it fails to state a claim or would otherwise be subject to dismissal, a court is justified in denying the amendment. Foman, 371 U.S. at 182; Evac, LLC v. Pataki, 89 F. Supp. 2d 250, 262 (N.D.N.Y. 2000). Based on the foregoing, Keybank's proposed amendments pleading a cause of action for contribution would be futile, and leave to amend is therefore denied.

### V.   CONCLUSION

Because the Court grants Third-Party Defendants Demph and T&D's Motion to dismiss, and because Keybank asserted no affirmative claims against the remaining Third-Party Defendants Strenk, Scott Covell, and Thomas Covell, the Court also finds that dismissal of Keybank's Third-Party Complaint with respect to these Defendants is appropriate.

Accordingly, it is hereby:

**ORDERED**, that Third-Party Plaintiff Keybank's Letter motion (Dkt. No. 26) is

**GRANTED**; and it is further

**ORDERED**, that the Motion to dismiss third-party complaint filed by Third-Party Defendants Louis J. Demph and Tobin & Demph, LLC (Dkt. No. 21) is **GRANTED**; and it is further

**ORDERED**, that Defendant Keybank's Third-Party Complaint (Dkt. No. 16) is **DISMISSED** in its entirety; and it is further

**ORDERED**, that Third-Party Plaintiff Keybank's Cross-motion for leave to amend (Dkt. No. 23) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

DATED:   September 22, 2011
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge